## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

RUBLOFF DEVELOPMENT GROUP, INC.,
RUBLOFF MUNDELEIN LLC,
MCVICKERS DEVELOPMENT LLC,
MCVICKERS NEW LENOX LLC,
MCVICKERS COOPER LLC,
MCVICKERS HICKORY CREEK LLC,
MCVICKERS TONNELL LLC,
MCVICKERS WILLIAMS LLC,

Case No.  10-cv-3917

                  Plaintiffs,

JURY DEMAND

    v.

SUPERVALU, INC., d/b/a JEWEL-OSCO,
and THE SAINT CONSULTING GROUP,
INC.,

                  Defendants.

## COMPLAINT

Plaintiffs, Rubloff Development Group, Inc., Rubloff Mundelein LLC, McVickers Development LLC, McVickers New Lenox LLC, McVickers Cooper LLC, McVickers Hickory Creek LLC, McVickers Tonnell LLC, and McVickers Williams LLC, for their complaint against Defendants, SuperValu, Inc. ("SuperValu"), d/b/a Jewel-Osco, and The Saint Consulting Group, Inc. ("Saint Consulting"), state as follows:

## NATURE OF THE ACTION

1.      This is an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 for resolution of an actual controversy between the parties as to claims of confidentiality and privilege asserted by Defendants as to materials in the possession of Plaintiffs, as well as damages and injunctive relief for the spoliation of evidence by Defendants.  As set forth more fully below, the Plaintiffs, which are commercial real estate development companies, are in

possession of materials that reveal that Defendants orchestrated "dirty tricks" campaigns to defeat or otherwise delay the establishment of new Walmart stores at shopping centers that were being developed by Plaintiffs.

2.      More specifically, the materials in Plaintiffs' possession reveal that SuperValu secretly retained Saint Consulting in order to harass and interfere with the Plaintiffs' proposed shopping center developments, and many other developments, where Walmart stores were planned because Walmart stores are a chief competitor of SuperValu's Jewel-Osco chain. Through various unlawful conduct, including false statements and sham litigation, Saint Consulting, acting at SuperValu's direction, interfered with and delayed the shopping center developments planned by Plaintiffs, in some cases to the point where Walmart, as the anchor store for these developments, pulled out.  Defendants' wrongful conduct and delay defeated the commercial purpose of these developments and caused tens of millions of dollars in damages to Plaintiffs, including lost profits, out-of-pocket expenses, and other damages.

3.      Based on these materials, Plaintiff Rubloff Development sent SuperValu a May 3, 2010 letter detailing some of the information showing that through these actions, SuperValu was responsible for the demise of a project Rubloff Development and related companies had been developing in Mundelein, Illinois.   Rubloff Development's letter also offered SuperValu the opportunity to verify or otherwise respond to this information.  Because this letter contains information that SuperValu and Saint Consulting may claim is confidential, it is not included as an exhibit to this complaint, although Plaintiffs will submit it to the Court upon the entry of an appropriate protective order in this action.

4.      Although Saint Consulting was neither copied on nor mentioned by name in Rubloff Development's May 3, 2010 letter, on May 10, 2010, Rubloff Development received

a letter from a law firm purporting to represent Saint Consulting, asserting that it had come to Saint Consulting's "recent attention that your companies are in wrongful possession of hundreds of pages of [Saint Consulting's] confidential, proprietary business information relating to a development project in Mundelein, Illinois" and threatening to "utilize all legal remedies available to accomplish the orderly return of that information, including but not limited to an action for replevin and relief under the Uniform Trade Secrets Act."  May 10, 2010 Letter from Diane M. Saunders to Bob Brownson (Ex. A).

5.     Plaintiffs believe that no privilege, trade secret protection, or other confidentiality protection applies to the materials at issue.   However, in light of Saint Consulting's threatened litigation, and to discharge Plaintiffs' counsel's professional responsibilities as to the claims of confidentiality and privilege over the materials, Plaintiffs seek a judicial declaration that no privilege, trade secret, or other protection exists to prevent the use of the materials at issue in any litigation that might be brought by Plaintiffs against SuperValu and Saint Consulting.  Plaintiffs will move for leave to submit the materials at issue under seal to the Court, to serve them under seal on SuperValu and Saint Consulting, and to be allowed to file motion papers and other court papers under seal referencing these materials for purposes of resolving this dispute.

6.     Further, on information and belief, Plaintiffs understand that SuperValu and Saint Consulting routinely destroyed materials shared between them.  These materials relate not only to potential claims by Plaintiffs arising from the Defendants' unlawful conduct in orchestrating opposition and sham litigation to block and/or delay the shopping centers being developed by Plaintiffs, but also the underlying claims themselves brought against Plaintiffs seeking to block and/or delay the developments.  Plaintiffs thus also seek damages arising from

Defendants' spoliation of evidence to date, along with injunctive relief to enjoin Defendants from any future destruction of evidence.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the plaintiffs are Illinois citizens, the defendants are non-Illinois citizens, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Venue is also proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district.

## PARTIES

9.      Plaintiff Rubloff Development Group, Inc. ("Rubloff Development") is an Illinois corporation with its principal place of business at 4949 Harrison Avenue, Suite 200, Rockford, Illinois 61108.  Rubloff Development is a real estate development company which owns and develops properties throughout the Midwest.

10.      Plaintiff Rubloff Mundelein LLC ("Rubloff Mundelein") is an Illinois company with its principal place of business at 4949 Harrison Avenue, Suite 200, Rockford, Illinois 61108.  Its members are Robert S. Brownson, Mark A. Robinson, Ronald E. Swenson, James W. Loarie, Bruce H. Danly, Jr., Thomas R. Reidenbach, Dawn E. Bradley, and the Gerald H. Weber, Jr. and Patti R. Weber Trust.  All of the individuals who are members of Rubloff Mundelein LLC are citizens of Illinois.  The only trustees and beneficiaries of the Gerald H. Weber, Jr. and Patti R. Weber Trust are Gerald H. Weber and Patti R. Weber, both of whom are citizens of Illinois.

11.     Plaintiff McVickers Development LLC ("McVickers Development") is an Illinois limited liability company with its principal place of business at 2150 East Lake Cook Road, Suite 320, Buffalo Grove, Illinois 60089.  Its members are the John K. McVickers Trust dated February 13, 1996 ("John McVickers Trust") and the Susan E. McVickers Trust dated February 13, 1996 ("Susan McVickers Trust").  The only trustee and beneficiary of the John McVickers Trust is John McVickers, who is a citizen of Illinois.  The only trustee and beneficiary of the Susan McVickers Trust is Susan McVickers, who is a citizen of Illinois.

12.     Plaintiff McVickers New Lenox LLC is an Illinois limited liability company with its principal place of business at 2150 East Lake Cook Road, Suite 320, Buffalo Grove, Illinois 60089.  Its members are the John McVickers Trust, the Susan McVickers Trust, and McVickers Development, whose citizenship is alleged above, and the Jeffrey W. Middlebrook Trust dated August 9, 2006 ("Middlebrook Trust").  The only trustee and beneficiary of the Middlebrook Trust is Jeffrey W. Middlebrook, who is a citizen of Illinois.

13.     Plaintiff McVickers Cooper LLC is an Illinois limited liability company with its principal place of business at 2150 East Lake Cook Road, Suite 320, Buffalo Grove, Illinois 60089.  Its members are the John McVickers Trust, the Susan McVickers Trust, McVickers Development, and the Middlebrook Trust.  The citizenship of these members is alleged above.

14.     Plaintiff McVickers Hickory Creek LLC is an Illinois limited liability company with its principal place of business at 2150 East Lake Cook Road, Suite 320, Buffalo Grove, Illinois 60089.  Its members are the John McVickers Trust, the Susan McVickers Trust, McVickers Development, and the Middlebrook Trust.  The citizenship of these members is alleged above.

15.     Plaintiff McVickers Tonnell LLC is an Illinois limited liability company with its principal place of business at 2150 East Lake Cook Road, Suite 320, Buffalo Grove, Illinois 60089.   Its members are the John McVickers Trust, the Susan McVickers Trust, McVickers Development, and the Middlebrook Trust.   The citizenship of these members is alleged above.

16.     Plaintiff McVickers Williams LLC is an Illinois limited liability company with its principal place of business at 2150 East Lake Cook Road, Suite 320, Buffalo Grove, Illinois 60089.   Its members are the John McVickers Trust, the Susan McVickers Trust, McVickers Development, and the Middlebrook Trust.   The citizenship of these members is alleged above.

17.     Defendant SuperValu, Inc. is a Delaware corporation, with its principal place of business at 11840 Valley View Road, Eden Prairie, Minnesota 55344.   SuperValu is the third-largest grocery retailing company in the United States with a retail network of more than 2,500 stores, including price superstores and traditional supermarkets nationwide under the trade names ACME®, ALBERTSONS®, bigg's®, BRISTOL FARMS®, CUB®, FARM FRESH®, HORNBACHER'S®, JEWEL-OSCO®, SHAW'S/STAR MARKET®, SHOP 'N SAVE® and SHOPPERS®.   In 2006, SuperValu acquired the premier retail properties of Albertsons, including JEWEL-OSCO®, making SuperValu the third-largest grocery retailing company in the United States.   JEWEL-OSCO® is an unincorporated division of SuperValu that accounts for 40 percent of the supermarket business in Chicagoland area.

18.     The Saint Consulting Group, Inc. is a Massachusetts corporation with its principal place of business located at 99 Derby Street, Suite 100, Hingham, Massachusetts 02043.

**FACTUAL ALLEGATIONS**

**I.        Background on Mundelein and New Lenox Shopping Center Developments**

19.    Rubloff Development and Rubloff Mundelein (hereinafter collectively "Rubloff") are the developers of a proposed shopping center located in Mundelein, Illinois (the "Mundelein Development").  Rubloff obtained approval for the development from the Village of Mundelein in July of 2007 and expected to complete construction and development of the Mundelein Development in 2008.  Based on its prior experience in developing other shopping centers with Walmart and other purchasers and lessors, Rubloff anticipated profits of over $20 million through the timely construction, development, and sale and leasing of parcels of land at the Mundelein Development.

20.    As part of its planning for the shopping center, Rubloff identified potential parties who would purchase and/or lease parcels of land at the Mundelein Development.  Rubloff entered into an agreement with Menards for the purchase of a parcel of the Mundelein Development and was in the final stages of an agreement with Walmart for the purchase of another parcel of the Mundelein Development.

21.    Rubloff also entered into lease agreements for parcels of the Mundelein Development with Kohls, Dick's Sporting Goods, American Mattress, Buffalo Wild Wings, Chase Bank, Great Clips, Hair Cuttery, Maurices and Verizon.  Further, Rubloff had agreements in principle and/or was negotiating for lease agreements for parcels of the Mundelein Development with Lane Bryant, Dress Barn, Petsmart, Bath/Body Works, Sally Beauty, Firestone, Dollar Tree, AT&T, Carters, Chipolte, Fifth Third Bank, Radio Shack, Shoe Carnival, T-Mobile, Ulta, Toys R Us, and Ruby Tuesday.  As a result of delays caused by Defendants' wrongful conduct, Rubloff no longer has binding leases with these entities.

22.     McVickers Development, McVickers New Lenox LLC, McVickers Cooper LLC, McVickers Hickory Creek LLC, McVickers Tonnell LLC, and McVickers Williams LLC (collectively "McVickers") are the developers of a proposed shopping center located in New Lenox, Illinois (the "New Lenox Development"). Like Rubloff, McVickers identified potential parties who would purchase and/or lease parcels of land of a shopping center to be developed by McVickers at the New Lenox Development. McVickers entered into an agreement with Walmart and Menards for the purchase of a parcel of the New Lenox Development and also had agreements in principle, contracts, and/or was negotiating lease agreements for parcels of the New Lenox Development with White Castle, Discount Tire, AutoZone, Petco, Tuffy Muffler, Mindy's Ribs, Starbucks, Fifth Third Bank, National City Bank, Staples, Panda Express, Radio Shack, and Aldi Foods. As a result of delays caused by Defendants' wrongful conduct in opposition to the New Lenox Development, Tuffy Muffler, Mindy's Ribs, Starbucks, Fifth Third Bank, National City Bank, Staples, Panda Express, Radio Shack, and Aldi Foods pulled out of the New Lenox Development. McVickers currently is attempting to renegotiate leases with Panda Express, Radio Shack, and Aldi Foods.

## II.     Plaintiffs' Discovery of Defendants' "Dirty Tricks" Campaigns

23.     Both the Mundelein Development and the New Lenox Development were delayed and their original commercial purpose defeated by objections and (in the case of the Mundelein Development) litigation opposing the developments that ostensibly were advanced by residents of Mundelein and New Lenox.

24.     Recently, however, Rubloff received the materials at issue in this action. On their face, these materials conclusively establish that the opposition efforts against these developments were in fact incited by SuperValu and Saint Consulting and that the "dirty tricks"

campaigns, including sham litigation instituted for purposes of delay and other possibly illegal activities, were orchestrated by SuperValu and Saint Consulting.

25.     Rubloff has shared certain of these materials with McVickers.   The Rubloff and McVickers entities that are Plaintiffs in this action, along with their attorneys, have possession of these materials and, if permitted by the Court, intend to amend their complaint in this action to assert claims based on them against SuperValu and Saint Consulting.

26.     Based on SuperValu's and Saint Consulting's conduct as reflected in the materials at issue, some or all of the Plaintiffs believe they have numerous claims to assert against SuperValu and Saint Consulting including, among others, claims for racketeering under 18 U.S.C. § 1962, antitrust claims under and 15 U.S.C. § 1 and 740 ILCS 10/1, and common law claims for fraud, tortious interference, and barratry.   Plaintiffs' damages are in the tens of millions of dollars and include lost profits caused by the delayed developments of the Mundelein Development and New Lenox Development as well as out-of-pocket expenses incurred in connection with the opposition and sham litigation orchestrated by SuperValu and Saint Consulting.

## III.     Saint Consulting's Threatened Litigation

27.     On May 3, 2010, Rubloff sent a letter to SuperValu, advising SuperValu that Rubloff had uncovered hundreds of pages of documentation revealing the dirty tricks campaign against the Mundelein Development that had been secretly orchestrated by SuperValu and a consultant working with SuperValu in order to conceal SuperValu's involvement in the opposition to the Mundelein Development.   SuperValu never responded in writing to this letter.

28.     Instead, on May 10, 2010, counsel for Defendant Saint Consulting responded to Brownson's May 3, 2010 letter by threatening to file a lawsuit against Rubloff

based on Rubloff's allegedly wrongful possession of Saint Consulting's allegedly confidential and proprietary business information relating to the Mundelein Development. *See* May 10, 2010 Letter from Diane M. Saunders to Bob Brownson (Ex. A).

29.    In its May 10, 2010 letter, Saint Consulting:  (a) asserted that the materials in Rubloff's possession constitute confidential and proprietary business information; (b) asserted that its employees are bound by strict post-employment confidentiality restrictions; (c) threatened to "utilize all legal remedies available" including "an action for replevin and relief under the Uniform Trade Secrets Act"; and (d) requested the return and destruction of the materials in the possession of Rubloff. *See id.*

30.    Plaintiffs do not believe that there is any legitimate trade secret, confidentiality, privilege, or other protection that attaches to these materials, under contract or otherwise.  As such, Plaintiffs believe that there is nothing to prevent the use of these materials in prosecuting claims against SuperValu and Saint Consulting.  The materials constitute strong evidence supporting various claims by Plaintiffs against SuperValu and Saint Consulting.

31.    In light of the threats contained in Saint Consulting's May 10, 2010 letter, however, and consistent with the professional responsibilities of Plaintiffs' counsel, Plaintiffs bring this action for declaratory and injunctive relief to resolve the dispute between the parties as to any claimed confidentiality or privileged that might apply to the materials at issue.  See Weeks v. Samsung Heavy Indus., Ltd.,  No. 93 C 4899, 1996 WL 288511, at *3 (N.D. Ill. May 30, 1996) ("a lawyer receiving … privileged or confidential materials satisfies her professional responsibilities by … (d) in the case of a dispute, refraining from using the materials until definitive resolution of the proper disposition of the materials is obtained from the court") (quoting ABA Formal Op. 94-383).

32.     Resolution of claims by SuperValu and Saint Consulting of any claims of trade secret, confidentiality, privilege or other protection attaching to the materials at issue will promote the resolution of Plaintiffs' underlying claims against SuperValu and Saint Consulting.

## Count I
## Declaratory Relief

33.     Plaintiffs adopt and incorporate by reference each of the allegations in paragraphs 1-32 as if set forth fully herein.

34.     There is a substantial controversy between Plaintiffs and Defendants as to whether any legitimate trade secret, confidentiality, privilege, or other protection attaches to the materials in Plaintiffs' possession.

35.     There is a substantial controversy between Plaintiffs and Defendants as to whether Plaintiffs' retention of these materials and use of them in litigation against Defendants is wrongful under the Uniform Trade Secrets Act and other applicable law.

36.     In light of the litigation threatened by Saint Consulting against Rubloff, and the claims Plaintiffs intend to assert against Defendants, this substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     An actual controversy exists for Plaintiffs because they have a right that is capable of being affected; specifically their ability to retain the materials in their possession and to rely upon them in asserting their claims against Defendants.

38.     Therefore, Plaintiffs seek a judicial declaration that they are not legally prevented from retaining and using these materials.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment for Plaintiffs and against Defendants including the following relief:

-11-

(a)     A declaration that Defendants have no privilege, trade secret, or other protection from disclosure of the materials relating to this action

(b)     A declaration that Plaintiffs and their principals, partners, employees, affiliates, agents, and those acting in concert with them may retain and use the materials at issue in this action, including without limitation in litigation brought against Defendants.

(c)     Such other and further relief as the Court may deem just and proper.

**Count II**
**Negligence:  Spoliation of Evidence**

39.     Plaintiffs adopt and incorporate by reference each of the allegations in paragraphs 1-38 as if set forth fully herein.

40.     On information and belief, SuperValu and Saint Consulting have routinely destroyed materials relating to Saint Consulting's work for SuperValu relating to SuperValu's efforts to defeat or otherwise delay shopping center developments, such as the Mundelein Development and the New Lenox Development, featuring Walmarts that could compete with its Jewel-Osco food store chain.

41.     On information and belief, the materials destroyed include documents relating to SuperValu's and Saint Consulting's sham litigation and other activities aimed at defeating or otherwise delaying shopping centers, such as the Mundelein Development and the New Lenox Development, featuring Walmarts that could compete with its Jewel-Osco food store chain.

42.     On information and belief, this routine destruction of evidence by Defendants continued even after the commencement of litigation orchestrated by them and brought against Plaintiffs seeking to block and/or delay the developments.

43.     Defendants had a duty to preserve the materials.  Defendants knew or should have known that the materials were relevant both to the existing litigation brought against Plaintiffs (at Defendants' behest) and to Plaintiffs' potential claims against Defendants.

44.     The law generally requires that materials relevant to existing or anticipated litigation must be preserved.  See, e.g., Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216-18 (S.D.N.Y. 2003); Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 431 (S.D.N.Y. 2004); Krumwiede v. Brighton Associates, L.L.C., No. 05 C 3003, 2006 WL 1308629, 8 (N.D. Ill. May 8, 2006) (citing Zubulake, 220 F.R.D. at 218).

45.     Defendants breached their duty by routinely destroying materials relating to Saint Consulting's work for SuperValu relating to SuperValu's efforts to defeat or otherwise delay shopping center developments, such as the Mundelein Development and the New Lenox Development, featuring Walmarts that could compete with its Jewel-Osco food store chain.

46.     But for Defendants' destruction of evidence, Plaintiffs had a reasonable probability of prevailing on their claims against SuperValu and Saint.

47.     Defendants' conduct has eliminated key direct evidence that might have conclusively established crucial facts in Plaintiffs' anticipated claims against Defendants and to rebut Defendants' defenses to those claims.

48.      In the event Plaintiffs are unable to prove their claims against Defendants, that failure of proof was caused by Defendants' destruction of evidence.

49.   In the event Plaintiffs are unable to prove their claims against Defendants, Plaintiffs will have been injured.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment for Plaintiffs and against Defendants including the following relief:

(a)   Damages in excess of $75,000.00, in an amount to be established by the evidence.

(b)   Such other and further relief as the Court may deem just and proper.

## Count III
## Injunctive Relief

50.   Plaintiffs adopt and incorporate by reference each of the allegations in paragraphs 1-49 as if set forth fully herein.

51.   On information and belief, SuperValu and Saint Consulting have routinely destroyed materials relating to Saint Consulting's work for SuperValu relating to SuperValu's efforts to defeat or otherwise delay shopping center developments, such as the Mundelein Development and the New Lenox Development, featuring Walmarts that could compete with its Jewel-Osco food store chain.

52.   On information and belief, the materials destroyed include documents relating to SuperValu's and Saint Consulting's sham litigation and other activities aimed at defeating or otherwise delaying shopping centers, such as the Mundelein Development and the New Lenox Development, featuring Walmarts that could compete with its Jewel-Osco food store chain.

53.     On information and belief, this routine destruction of evidence by Defendants continued even after the commencement of litigation orchestrated by Defendants and brought against Plaintiffs seeking to block and/or delay the developments.

54.     The law generally requires that materials relevant to existing or anticipated litigation must be preserved.  See, e.g., Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216-18 (S.D.N.Y. 2003); Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 431 (S.D.N.Y. 2004); Krumwiede v. Brighton Associates, L.L.C., No. 05 C 3003, 2006 WL 1308629, 8 (N.D. Ill. May 8, 2006) (citing Zubulake, 220 F.R.D. at 218).

55.     On information and belief, the materials which Defendants have destroyed and may destroy in the future are relevant to Plaintiffs' anticipated claims against them.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment for Plaintiffs and against Defendants including the following relief:

(a)     An injunction prohibiting Defendants from destroying any materials relating to Plaintiffs' anticipated claims against them, including without limitation any materials relating to work which Saint Consulting has performed for SuperValu or any other client relating to shopping center developments.

(b)     Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury as to all issues and claims raised by Plaintiffs'

Complaint to which Plaintiffs have the right to have tried by a jury.


Dated:          June 23, 2010



                                        RUBLOFF DEVELOPMENT GROUP, INC.,
                                        RUBLOFF MUNDELEIN LLC,
                                        MCVICKERS DEVELOPMENT LLC,
                                        MCVICKERS NEW LENOX LLC,
                                        MCVICKERS COOPER LLC,
                                        MCVICKERS HICKORY CREEK LLC,
                                        MCVICKERS TONNELL LLC,
                                        MCVICKERS WILLIAMS LLC,



                                        By: /s/ Thomas J. Frederick
                                        One of Their Attorneys


Thomas J. Frederick
Neil M. Murphy
Renee Sotos
Joanna C. Wade
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600