UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBLOFF DEVELOPMENT GROUP, INC., RUBLOFF MUNDELEIN LLC, MCVICKERS DEVELOPMENT LLC, MCVICKERS NEW LENOX LLC, MCVICKERS COOPER LLC, MCVICKERS HICKORY CREEK LLC, MCVICKERS TONNELL LLC, MCVICKERS WILLIAMS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERVALU INC., d/b/a JEWEL-OSCO and THE SAIN CONSULTING GROUP, INC.,<br><br>Defendants. | Case No. 1:10-cv-03917<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SUPERVALU'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Supervalu Inc., by and through its attorneys Robins, Kaplan, Miller & Ciresi L.L.P. and Fox, Hefter, Swibel, Levin & Carroll, L.L.P. in support of its motion to dismiss hereby states as follows:

### INTRODUCTION

Frustrated developers, with projects that may be sinking in a choppy economy, have brought a curious suit against The Saint Consulting Group, Inc. ("Saint") and SuperValu Inc. ("SuperValu"). All three counts lack merit and none can survive this motion to dismiss.

There is no subject-matter jurisdiction over the first, declaratory judgment count. In it, Plaintiffs ask that the Court reject the "Defendants'" assertion that Saint's documents in the Plaintiffs' possession must be returned to Saint. The use of "Defendants" here is misleading or sloppy; the only factual assertions are that a letter from Saint's counsel "threatened [litigation] by Saint against Rubloff" regarding the use of Saint's documents. This assertion is not made as to all of the Plaintiffs and, more importantly, makes no mention of SuperValu. Nowhere in the First Amended Complaint will the Court find an assertion that SuperValu has said anything about the

documents the Plaintiffs appear to have, let alone threatened litigation. SuperValu, like the Court, can observe that the Plaintiffs prefer the passive voice whenever standard sentence constructions might cause the reader to wonder how the Plaintiffs obtained the documents—"Recently, Rubloff received the materials at issue in this action," for example—but this mystery does not create a justiciable controversy.

The second count is "Negligence: Spoliation of Evidence." Plaintiffs recite only some of the elements of such a claim and do so only on a conclusory "information and belief" basis. In addition to missing the basic "what, where, when and how" allegations, Plaintiffs do not plead any facts showing that SuperValu has or had a duty to preserve documents in ongoing litigation where, as the Plaintiffs admit, it is not a party. Plaintiffs also fail to explain why this spoliation claim was not raised in the litigation to which it allegedly relates but they do succeed in proving that they had no injury at the time they filed, even if their vague and legally insufficient allegations were borne out. On top of these fatal shortcomings is the plain fact that settled Illinois law holds that no independent "negligent spoliation of evidence" claim exists.

Finally, the First Amended Complaint seeks injunctive relief. The injunctive relief claim is dependent on the first two, insufficient claims and so fails as well. SuperValu hereby moves for dismissal of the First Amended Complaint.[1]

## ARGUMENT

SuperValu moves for dismissal on two separate but related grounds found in Fed. R. Civ. P. 12(b). First, under the standards of Fed. R. Civ. P. 12(b)(1), Plaintiffs have failed to demonstrate subject-matter jurisdiction. Absent a justiciable controversy between Plaintiffs and SuperValu, Count One of the Amended Complaint must be dismissed. This is addressed in Section I below.

---

[1] Plaintiffs' election to name and sue "SuperValu, Inc. d/b/a Jewel-Osco" appears to be an error; no such arrangement exists. SuperValu Inc. was served with the First Amended Complaint and thus responds—without admitting the propriety of the case as captioned by the Plaintiffs, and, because it does not have the documents that are the subject of Count One, without admitting that it has anything to do with any matter Plaintiffs are trying to bring before the Court.

Second, under the standards of Fed. R. Civ. P. 12(b)(6), Plaintiffs do not plead facts to establish a claim for negligent spoliation. Section II shows the tort cannot stand on its own in Illinois and also illustrates Plaintiffs' failure to make allegations as to each of the elements of the tort (while successfully establishing that they have no injuries to redress).

Section III below makes quick work of the tag-along Count Three for injunctive relief, which is a form of relief and not an independent count.

## I. The Court Does Not Have Subject Matter Jurisdiction and the Complaint Must Be Dismissed under Fed. R. Civ. P. 12(b)(1)

A motion under F. R. Civ. P. 12(b)(1) tests whether the Court has subject matter jurisdiction.[2] Generally, surviving a 12(b)(1) motion to dismiss is more difficult than a 12(b)(6) motion, as the Plaintiffs bear the burden of proving that the jurisdictional requirements have been met.[3] When considering whether a justiciable declaratory judgment action exists, courts are guided by the Supreme Court's three-part framework for determining whether an action presents a justiciable Article III controversy, announced in *MedImmune, Inc. v. Genentech, Inc* and by the case law interpreting the Declaratory Judgment Act.[4]

Before 2007, courts followed the Federal Circuit's "reasonable apprehension of imminent suit" test to determine standing in a declaratory judgment action. *MedImmune* rejected that standard.[5] The *MedImmune* court held that

> the dispute must be definite and concrete, touching the legal relations of parties having adverse legal interests; [that] it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests,

---

[2] *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).
[3] *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).
[4] 549 U.S. 118 (2007); *see also Caraco Pharm. Labs. v. Forest Labs.*, 527 F.3d 1273, 1291 (Fed. Cir. 2008); 28 U.S.C. § 2201.
[5] *MedImmune*, 549 U.S. at 127; *see also SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007) ("The Supreme Court's opinion in *MedImmune* represents a rejection of our reasonable apprehension of suit test.").

of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.[6]

The language of the Declaratory Judgment Act advances the same analytical framework. The Declaratory Judgment Act, 28 U.S.C. § 2201, states: "In a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." The Declaratory Judgment Act accords districts courts a "unique breadth of . . . discretion to decline to enter a declaratory judgment."[7] In deciding whether to entertain a declaratory judgment request, "a court must determine whether resolving the case serves the objectives for which the Declaratory Judgment Act was created. . . . Generally speaking, the [Act] was designed to prevent cases where an individual must choose between abandoning his rights or risking prosecution."[8] This discretion is constrained, as "a court may not use its discretion to issue a declaration under the Act where there is no 'actual controversy' between the parties."[9] The Act's language "tracks the 'cases' or 'controversies' requirement of Article

---

[6] *MedImmune*, 549 U.S. at 127 (internal citation and quotations omitted) (emphasis added).

[7] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In the event that the court found the existence of an actual controversy, it would engage in a consideration of the doctrine of abstention under the principle set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494 (1942), that a federal court may decline in its discretion to entertain a suit for a declaratory judgment. Courts in the Seventh Circuit evaluating the propriety of *Brillhart* abstention generally consider five factors: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Allmeds*, 2009 U.S. Dist. LEXIS 98970, at *15 (citing *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994)). As discussed below, Plaintiffs have failed to set forth sufficient facts to support the allegation of an "actual controversy," so the *Brillhart* analysis is unnecessary.

[8] *Allmeds, Inc. v. Document Generation Corp.*, No. 07-841, 2009 U.S. Dist. LEXIS 98970, at *13 (S.D. Ill. Oct. 23, 2009) (internal quotations and citation omitted).

[9] *Bechtold v. Sprint Nextel Corp.*, No. 08-cv-23, 2007 U.S. LEXIS 88207, at *15 (S.D. Ill. Oct. 30, 2008) (quoting 28 U.S.C. § 2201).

III, [and] saves the statute from unconstitutionally expanding the federal courts' jurisdiction."[10] The exercise of judicial power under Article III depends on the existence of a case or controversy, and "a federal court [lacks] the power to render advisory opinions."[11] Absent a case or controversy, no jurisdiction exists.

Pursuant to the *MedImmune* framework, an action is justiciable under Article III where (1) the plaintiff has standing, (2) the issues presented are ripe for judicial review, and (3) the case has not been rendered moot.[12] While there is no "bright line rule . . . guiding a court's decision as to whether a declaratory judgment presents a justiciable controversy," the present decision is an easy one.[13] As a court in the Northern District of Illinois held in May, a "useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff."[14] The answer here, based on what is presently known to SuperValu, is "none." And there is no evidence of a threat of litigation either.

To establish standing, a plaintiff must demonstrate (1) an injury-in-fact, (2) that is fairly traceable to the defendant's conduct, and (3) that can be redressed by the court.[15] For purposes of the standing inquiry, an injury-in-fact is a harm that is concrete, as well as actual or imminent, not conjectural or hypothetical.[16] Though "concrete," the injury required "need not be actualized. A party facing prospective injury has standing to sue where the threatened injury is real, immediate,

---

[10]   *Deveraux v. City of Chi.*, 14 F.3d 328, 330 (7th Cir. 1994) (internal quotations omitted).
[11]   *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993).
[12]   *Id.*
[13]   *Loufrani v. Wal-Mart Stores, Inc.*, No. 09 C 3062, 2009 U.S. Dist. LEXIS 105575, at *7-8 (N.D. Ill. 2009) (citing *MedImmune*, 549 U.S. at 127).
[14]   *Sloan Valve Co. v. Zurn Indus.*, No. 10-cv-204, 2010 U.S. Dist. LEXIS 43287, at *13-14 (N.D. Ill. May 4, 2010) (citing *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)).
[15]   *See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1340 (Fed Cir. 2007).
[16]   *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

and direct."[17] Nevertheless, courts impose an imminence requirement to "ensure that the alleged injury is not too speculative for Article III purpose—that the injury is 'certainly impending.'"[18]

A Northern District of Illinois court has recently determined that a plaintiff's "conclusory statement" of an immediate apprehension of suit is insufficient to establish a "substantial controversy" between the parties.[19] Plaintiffs have offered no more in this case. Indeed, they can show no injury yet suffered, no traceable link to SuperValu, and nothing that a Court order could redress. Such a lack of detail demonstrates that Plaintiffs have utterly failed to meet the burden of persuasion, which "rests with the party asserting federal jurisdiction."[20] Because Plaintiffs have not alleged and cannot demonstrate standing, no further Article III justiciability inquiry is necessary, and Plaintiffs' claim for declaratory judgment must be dismissed pursuant to Rule 12(b)(1).

If the Court wished to continue, it could conclude that the Plaintiffs also fail to establish a justiciable controversy under the doctrine of ripeness, which "focuses on the conduct of the defendant to determine whether the defendants' actions have harmed, are harming, or are about to harm the plaintiff."[21] Where the harm to plaintiff is "inevitable" and further factual development "would not 'significantly advance [the court's] ability to deal with the legal issues presented,'" a case is ripe for judicial review.[22] No such harm exists here. Plaintiffs' Amended Complaint is barren of the factual allegations needed to show that SuperValu has harmed, is harming, or will harm the Plaintiffs.[23] Accordingly, Plaintiffs' action is not ripe for disposition and must be dismissed.

Considered as a whole, it is evident that Plaintiff's Complaint does not set forth an actual controversy between Plaintiffs and SuperValu. The Seventh Circuit has held that a plaintiff's mere

---

17  *Davis v. Fed. Election Comm'n*, 128 S. Ct. 2759, 2769 (2008).
18  *Lujan*, 504 U.S. at 564 n.2 (citation omitted) (emphasis in original).
19  *Sloan Valve*, 2010 U.S. Dist. LEXIS 43287, at *17 (citing *MedImmune*, 549 U.S. at 127).
20  *Id.* (citing *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 329-30 (7th Cir. 2009).
21  *Novartis*, 482 F.3d at 1337.
22  *Pfizer Inc. v. Apotex Inc.*, Nos. 08-cv-7231, 09-cv-6053, 2010 U.S. Dist. LEXIS 65482, at *35 (June 30, 2010) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003)).
23  *See Ruffin v. Exel Direct, Inc.*, No. 09 c 1735, 2009 U.S. Dist. LEXIS 89579, at *8 (N.D. Ill. Sept. 29, 2009) (citing *Brown v. County of Cook*, 549 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008).

assertion that it has an immediate apprehension of suit is "insufficient to establish a 'substantial controversy' between the parties."[24] Yet that is all the Plaintiffs have offered. Although they borrow phrases in an attempt to mimic compliance with the *MedImmune* requirements (incorporating the phrases "substantial controversy," "sufficient immediacy and reality," and "actual controversy" into their claim for declaratory relief), their First Amended Complaint is devoid of the facts required to sustain their claim. (*See* First Am. Compl. ¶¶ 33-38.) The only hint of actual controversy to which they allude relates to Saint's purported "threats" of litigation. (*See id.* ¶ 36.) They make no such allegation against SuperValu. There isn't even an assertion that SuperValu is aware of the contents of the documents Plaintiffs claim to possess, or that the documents belong to SuperValu.

At present, SuperValu cannot possibly be said to threaten Plaintiffs' rights or have the ability to initiate adversary proceedings against Plaintiffs related to what little information is provided in the pleading. Unsurprisingly, then, Plaintiffs make no reference to SuperValu's potential causes of action against them thus earning the shelter of declaratory relief.[25] For all of these reasons, Plaintiffs' declaratory judgment claim must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## II. Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), SuperValu may move for dismissal of claims asserted against it when Plaintiffs' Complaint fails to "state a claim upon which relief can be granted."[26] The United States Supreme Court clarified this standard in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*.[27] Under *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[24] *Sloan Valve*, 2010 U.S. Dist. LEXIS 43287, at *16-17 (citing *MedImmune*, 549 U.S. at 127).
[25] *See Sloan Valve*, 2010 U.S. Dist. LEXIS 43287, at *13-14 (citing *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)).
[26] Fed. R. Civ. P. 12(b)(6).
[27] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

relief that is plausible on its face.'"[28] The standard "requires more than labels and conclusions," and states that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[29] As the Supreme Court reiterated just last year, the *Twombly* standard applies to all civil cases, and a plaintiff must allege enough facts to draw a "reasonable inference that the defendant is liable for the misconduct alleged."[30] Thus, a complaint must proffer sufficient factual support to bring the plaintiff's claim "above the speculative level."[31] But, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"[32] A court does not and cannot accept conclusory allegations of law as true.[33]

Illinois law "does not recognize a tort of intentional spoliation of evidence," and to the extent it recognizes "negligent spoliation," it treats it "as a type of negligence rather than an independent tort."[34] As the Illinois Court of Appeals has stated, "an action for negligent spoliation of evidence is not an independent cause of action but it is a derivative action that arises out of other causes of action, including a negligence cause of action."[35] This fact of Illinois law has been acknowledged by the United States District Court for the Central District of Illinois within the last year: "[I]t is apparent that negligent spoliation of evidence cannot survive as an independent claim."[36] Here, however, Plaintiffs have attempted to plead negligent spoliation of evidence as a

---

[28] *Iqbal*, 129 S. Ct. 1949 (quoting *Twombly*, 550 U.S. at 570).
[29] *Twombly*, 550 U.S. at 555.
[30] *Iqbal*, 129 S. Ct. at 1949.
[31] *Twombly*, 550 U.S. at 555; *see E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*).
[32] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).
[33] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[34] *Gerard v. ConAgra Foods, Inc.*, No. 06 C 6163, 2010 U.S. Dist. LEXIS 41820, at *9 (N.D. Ill. Apr. 28, 2010) (citing *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007); *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 269-70 (Ill. 1995)).
[35] *Babich v. River Oaks Toyota*, 879 N.E.2d 420, 426 (Ill. Ct. App. 2007).
[36] *Perks v. County of Shelby*, No. 09-3154, 2009 U.S. Dist. LEXIS 77575, at *20 (C.D. Ill. Aug. 31, 2009).

stand-alone claim. This does not work under Illinois law. Accordingly, the Court must dismiss Plaintiffs' negligent spoliation claim.

Even if Plaintiffs had pleaded another claim upon which to hang the spoliation count, the claim would still fail. To prevail in a negligence claim for spoliation, a plaintiff must establish—and consequently, must plead—four things: (1) a duty to preserve evidence; (2) a breach of that duty; (3) causation; and (4) damages.[37] A claim of spoliation of evidence "is connected to the merits of the underlying suit."[38]

Generally, in Illinois, "there is no duty to preserve evidence."[39] The existence, however, of two elements—a "relationship" and "foreseeability"—will create a duty.[40] The "relationship" prong requires the court to "determine whether such a duty arises by agreement, contract, statute, special circumstance, or voluntary undertaking."[41] If so, the "foreseeability" prong asks whether the duty extended to the evidence at issue—"whether a reasonable person should have foreseen that the evidence was material to a potential civil action,"—and the pleadings must allege facts describing such circumstances.[42] In the absence of either the relationship or foreseeability prongs, "there is no duty to preserve evidence."[43] Indeed, a plaintiff must satisfy both prongs of this test.[44]

As for causation and damages, the Illinois Supreme Court has stated that to satisfy the causation element, "a plaintiff must allege sufficient facts to support a claim that the loss or destruction of evidence *caused the plaintiff to be unable to prove* an underlying lawsuit."[45] Moreover, a

---

[37] *Gerard*, 2010 U.S. Dist. LEXIS 41820, at *9 (citing *Boyd*, 652 N.E.2d at 270-71).
[38] *Borsellino*, 477 F.3d at 510 (citing *Gawley v. Ind. Univ.*, 276 F.3d 301, 316 (7th Cir. 2001)).
[39] *Vill. of Roselle v. Commonwealth Edison Co.*, 859 N.E.2d 1, 15 (Ill. 2006) (citing *Boyd*, 652 N.E.2d at 270).
[40] *Id.*
[41] *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004).
[42] *Id.*; see also *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.").
[43] *Andersen v. Mack Trucks, Inc.*, 793 N.E.2d 962, 967 (Ill. Ct. App. 2003).
[44] *Olivarius v. Tharaldson Prop. Mgmt., Inc.*, No. 08 C 463, 2010 U.S. LEXIS 21984, at *10 (N.D. Ill. Mar. 10, 2010) (citing *Dardeen*, 821 N.E.2d at 231).
[45] *Boyd*, 652 N.E.2d at 271 (emphasis in original).

plaintiff must allege actual damages in an action for negligent spoliation of evidence.[46] That is, "a threat of future harm, not yet realized, is not actionable."[47] Thus, "a plaintiff is required to allege that a defendant's loss or destruction of the evidence caused the plaintiff to be unable to prove an otherwise valid, underlying cause of action."[48] In other words, "there must be a nexus between the defendant's loss or destruction of the evidence and the plaintiff's ability to prove his underlying suit."[49] Courts, like the Northern District of Illinois in April 2010, have deemed spoliation claims "deficient" where they are "based on no more than a threat of future inability to prove one or more . . . claims based on an assumption that information has been irretrievably lost."[50]

Here, Plaintiffs' spoliation claim fails for lack of factual allegations to support the required elements. First, apart from the conclusory offering than "Defendants had a duty to preserve the materials," Plaintiffs have offered nothing to demonstrate that SuperValu had a duty to preserve documents. Consider a recent case from this district, *Gregorio v. Yellow Transportation, Inc.*, where the court dismissed a spoliation claim as the party asserting the claim did "little more than recite formulaically the elements of its claim."[51]

Plaintiffs' First Amended Complaint is silent on the "relationship" prong, and it provides no factual backing for the assertion that SuperValu "knew or should have known that the materials were relevant" to existing litigation or potential claims. (First Am. Compl. ¶ 43.) The materials in question are a mystery, their provenance is carefully hidden, and the First Amended Complaint sheds no substantive light on their contents. Without more, Plaintiffs cannot demonstrate the

---

[46]   *Id.* at 272.
[47]   *Id.*
[48]   *Id.*
[49]   *Vill. of Roselle*, 859 N.E.2d at 20.
[50]   *Motorola, Inc. v. Lemko Corp.*, No. 08 C 5427, 2010 U.S. Dist. LEXIS 35602, at *17 (N.D. Ill. Apr. 12, 2010) (citing *Boyd*, 652 N.E.2d at 272; *Vill. of Roselle*, 859 N.E.2d at 19).
[51]   *Gregorio v. Yellow Transp., Inc.*, No .08 C 6257, 2009 U.S. Dist. LEXIS 103059, at *5-6 (N.D. Ill. Nov. 2, 2009).

relevance required to trigger SuperValu's duty to preserve anything—if, in fact, the materials were even SuperValu's to preserve.

Likewise, the First Amended Complaint provides insufficient factual allegations to support the causation and damages elements of the spoliation claim. As an initial matter, Plaintiffs improperly levy the spoliation claim against SuperValu for destruction of materials relevant to "existing litigation brought against Plaintiffs." (First Am. Compl. ¶ 43.) Illinois case law makes clear, however, that a viable spoliation claim depends on a showing that the destruction of evidence prevented a plaintiff from proving an *underlying* suit.[52] Thus, Plaintiffs' spoliation claims related to "existing litigation" should be raised in those cases—not this one. If documents were not preserved in whatever those cases might be, the Plaintiffs need to pursue those remedies in front of that court and against those defendants.

Plaintiffs' claims in the instant litigation fare no better. Plaintiffs baldly assert that "[b]ut for Defendants' destruction of evidence, Plaintiffs had a reasonable probability of prevailing on their claims against SuperValu and Saint." (First Am. Compl. ¶ 46.) Putting aside this announcement that the Plaintiffs believe their claims against SuperValu are unwinnable, the Court must note that, as with the rest of Plaintiffs' First Amended Complaint, there are no *Twombly*-sufficient details to support the claim; Plaintiffs plead nothing substantive about the kind of evidence allegedly destroyed, its potential relevance to whatever their future claims might be, or its impact on this case or any future case. More important, because Plaintiffs have not yet even alleged the hypothetical counts they announce will fail, their spoliation claim is not actionable.[53] Indeed, Plaintiffs' fanciful claims of damage forgo all facts in favor of speculation: "Defendants' conduct has eliminated key direct evidence that might have conclusively established crucial facts in Plaintiffs' anticipated claims" contains so many disclaimers of actual damages as to be self-defeating. (First Am. Compl. ¶ 47.)

---

52  *See Boyd*, 652 N.E.2d at 271.
53  *See id.*

Similarly, Plaintiffs admit the entirely speculative and premature nature of their claims: "In the event Plaintiffs are unable to prove their claims against Defendants, that failure of proof was caused by Defendants' destruction of evidence." (First Am. Compl. ¶ 48.) Plaintiffs close out their spoliation claim with pure tautology: "In the event Plaintiffs are unable to prove their claims against Defendants, Plaintiffs will have been injured." (*Id.* ¶ 49.) Rhetoric does not satisfy Rule 12 pleading standards or Illinois law on spoliation, and the claim must be dismissed.

For these reasons, Plaintiffs do not state a viable claim for negligent spoliation of evidence.

### III. Plaintiffs' Claims For Declaratory and Injunctive Relief Fail.

Because Plaintiffs' claim for injunctive relief (Count Three) precisely mirrors Plaintiffs' spoliation claim and serves, essentially, as request for relief related to that claim, it must also fail. Accordingly, the Court should dismiss Plaintiffs' claims for negligent spoliation of evidence and injunctive relief. In the alternative, Plaintiffs' declaratory and injunctive relief claims fail because they are necessarily dependent on the viability of the other claims, rather than stand-alone causes of action. As the Northern District of Illinois has held, the "court need only address the first three counts of [Plaintiff's] complaint because Count IV is a plea for declaratory relief and thus does not state a separate cause of action."[54] Similarly, in another Northern District of Illinois case, the court noted that "[b]y its very name, it is apparent that injunctive relief is a remedy. . . . An injunction is a remedy, not a cause of action."[55] Where Plaintiffs' underlying causes of action fail, claims for injunctive and declaratory relief must be dismissed as well. This was clearly stated in a 2005 decision from the Northern District of Illinois: "Count 10 ('Injunctive/Declaratory Relief'), requesting injunctive and/or declaratory relief, depends entirely on the viability of plaintiffs' other counts to survive. Those counts are dismissed and as a result, count 10 is also dismissed."[56]

---

54   *Jacobson v. Ford Motor Co.*, No. 98 C 742, 1999 U.S. Dist. LEXIS 16213, at *13 n.9 (N.D. Ill. Sept. 30, 1999).

55   *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995).

56   *Cygan v. Resurrection Med. Ctr.*, No. 04 C 4168, 2005 U.S. Dist. LEXIS 19867, at *5 (N.D. Ill. July 27, 2005).

Because Plaintiffs' other causes of action fail for the reasons described herein, their claims for declaratory and injunctive relief also fail.

## CONCLUSION

For all the foregoing reasons, Defendant SuperValu respectfully requests that the Court dismiss the Plaintiffs' causes of action for failure to demonstrate subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state claims under Federal Rule of Civil Procedure 12(b)(6).

Dated: July 20, 2010

Respectfully submitted,

**SUPERVALU INC.**

By: _____/s/Martin B. Carroll_____
      One of Its Attorneys

    Martin B. Carroll (mcarroll@fhslc.com)
    **FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
    200 West Madison Street, Suite 3000
    Chicago, Illinois 60610
    Telephone: (312) 224-1200
    Facsimile: (312) 224-1201

    Martin R. Lueck (mrlueck@rkmc.com)
    Bruce D. Manning (bdmanning@rkmc.com) (admitted in the Northern District of Illinois)
    Michael D. Reif (mdreif@rkmc.com)
    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, MN 55402-2015
    Telephone: 612-349-8500
    Facsimile: 612-339-4181

## CERTIFICATE OF SERVICE

I, Martin B. Carroll, certify that on July 20, 2010, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas J. Frederick
Neil M. Murphy
Renee Sotos
Joanna C. Wade
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
Telephone:    312-558-5600
Email:  tfrederick@winston.com

By:    /s/ Martin B. Carroll

81573114.4