**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUBLOFF DEVELOPMENT GROUP, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:10-cv-03917 |
| v. | ) ) ) | Hon. Harry D. Leinenweber |
| SUPERVALU, INC., d/b/a JEWEL-OSCO, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COUNT I

Plaintiffs, Rubloff Development Group, Inc. ("Rubloff Development"), Rubloff Mundelein LLC, McVickers Development LLC, McVickers New Lenox LLC, McVickers Cooper LLC, McVickers Hickory Creek LLC, McVickers Tonnell LLC, and McVickers Williams LLC, respectfully move for summary judgment on Count I of their First Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 56. Plaintiffs further request that this motion, as well as the motion to dismiss filed by Defendant Supervalu Inc. ("SuperValu") and any motion to dismiss filed by The Saint Consulting Group, Inc. ("Saint Consulting"), be briefed and determined pursuant to the schedule and procedures set forth below. In support, Plaintiffs state as follows:

1. In Count I of their Complaint, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 for resolution of an actual controversy between the parties as to claims of confidentiality and privilege asserted by Defendants as to materials in the possession of Plaintiffs.

2. Plaintiffs, who are commercial real estate development companies, are in possession of materials that reveal that Defendants orchestrated "dirty tricks" campaigns to defeat or otherwise delay the establishment of new Walmart stores at shopping centers that were being developed by Plaintiffs (the "Subject Materials"). Complaint ¶ 1. More specifically, the Subject Materials reveal that SuperValu secretly retained Saint Consulting in order to harass and interfere with the Plaintiffs' proposed shopping center developments, and many other developments, where Walmart stores were planned because Walmart stores are a chief competitor of SuperValu's Jewel-Osco chain. Complaint ¶ 2. Through various unlawful conduct, including false statements and sham litigation, Saint Consulting, acting at SuperValu's direction, interfered with and delayed the shopping center developments planned by Plaintiffs, in some cases to the point where Walmart, as the anchor store for these developments, pulled out. Defendants' wrongful conduct and delay defeated the commercial purpose of these developments and caused tens of millions of dollars in damages to Plaintiffs, including lost profits, out-of-pocket expenses, and other damages. *Id.*

3. Based on the Subject Materials, Plaintiff Rubloff Development sent SuperValu a May 3, 2010 letter detailing some of the information showing that through these actions, SuperValu was responsible for the delay of a project Rubloff Development and related companies had been developing in Mundelein, Illinois. Complaint ¶ 3. Rubloff Development's letter also offered SuperValu the opportunity to verify or otherwise respond to this information. Because this letter contains information that SuperValu and Saint Consulting may claim is confidential, it was not included as an exhibit to the Complaint. *Id.*

4. Although Saint Consulting was neither copied on nor mentioned by name in Rubloff Development's May 3, 2010 letter, on May 10, 2010, Rubloff Development received a

letter from a law firm purporting to represent Saint Consulting, asserting that it had come to Saint Consulting's "recent attention that your companies are in wrongful possession of hundreds of pages of [Saint Consulting's] confidential, proprietary business information relating to a development project in Mundelein, Illinois" and threatening to "utilize all legal remedies available to accomplish the orderly return of that information, including but not limited to an action for replevin and relief under the Uniform Trade Secrets Act." Complaint ¶ 4 (May 10, 2010 Letter from Diane M. Saunders to Bob Brownson (attached to Complaint as Ex. A)).

5. Plaintiffs believe that no privilege, trade secret protection, or other confidentiality protection applies to the Subject Materials. However, in light of Saint Consulting's threatened litigation, and to discharge Plaintiffs' counsel's professional responsibilities as to the claims of confidentiality and privilege over the Subject Materials,[1] Plaintiffs seek a judicial declaration that no privilege, trade secret, or other protection exists to prevent the use of the Subject Materials at issue in any litigation that might be brought by Plaintiffs against SuperValu and Saint Consulting.

6. Upon obtaining such a declaration with respect to the Subject Materials, Plaintiffs intend to move for leave to amend their Complaint to add substantive claims against SuperValu and Saint Consulting based on SuperValu's and Saint Consulting's conduct as reflected in the materials at issue. Specifically, Plaintiffs intend to assert claims against SuperValu and Saint Consulting including, among others, claims for racketeering under 18 U.S.C. § 1962, antitrust

---

[1] *See Weeks v. Samsung Heavy Indus., Ltd.*, No. 93 C 4899, 1996 WL 288511, at *3 (N.D. Ill. May 30, 1996) ("a lawyer receiving … privileged or confidential materials satisfies her professional responsibilities by … (d) in the case of a dispute, refraining from using the materials until definitive resolution of the proper disposition of the materials is obtained from the court") (quoting ABA Formal Op. 94-383).

claims under and 15 U.S.C. § 1 and 740 ILCS 10/1, and common law claims for fraud, tortious interference, and barratry. Complaint ¶ 26.

7. On July 20, 2010, SuperValu moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, respectively, and filed a supporting memorandum of law.[2] As of the time this motion was prepared for filing, Saint Consulting had not yet appeared and responded to the Complaint, but its appearance and response are due on July 23, 2010.

8. Resolution of SuperValu's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), as well as Plaintiffs' summary judgment motion, necessarily requires reference to the Subject Materials. In particular, use of the Subject Materials is necessary not only to support Plaintiffs' motion for summary judgment on Count I, but to respond to the motion to dismiss argument that there is no "justiciable dispute" between Plaintiffs and SuperValu. However, Plaintiffs anticipate that Saint Consulting objects to the public disclosure of the Subject Materials in court filings based on its assertion that Defendants are in "wrongful possession of hundreds of pages of [Saint Consulting's] confidential, proprietary business information relating to a development project in Mundelein, Illinois" and its threats to "utilize all legal remedies available to accomplish the orderly return of that information, including but not limited to an action for replevin and relief under the Uniform Trade Secrets Act." Complaint ¶ 4 (May 10, 2010 Letter from Diane M. Saunders to Bob Brownson (attached to Complaint as Ex. A)).

10. Accordingly, Plaintiffs respectfully request that their summary judgment motion, SuperValu's motion to dismiss, and any motion to dismiss filed by Saint Consulting (assuming it

---

[2] SuperValu made a corrected filing of its motion materials on July 21, 2010.

is filed by the time of presentment of this motion), be briefed and determined pursuant to the following schedule and procedures:

    a.    Plaintiffs shall file copies of the Subject Materials under seal with the Court by July 30, 2010.

    b.    Plaintiffs shall serve SuperValu and Saint Consulting with copies of the Subject Materials by July 30, 2010. SuperValu and Saint Consulting shall maintain their copies of these materials under seal and shall only disclose them as necessary to support their motions to dismiss or respond to Plaintiffs' summary judgment motion, pending further Order of the Court.

    c.    Briefing of all three motions shall be consolidated pursuant to the following schedule:

        (1)    By August 11, 2010, Plaintiffs shall file their consolidated memorandum of law in support of their motion for summary judgment and in response to Defendants' motions to dismiss. Plaintiffs' consolidated memorandum of law shall be no more than 35 pages in length without further leave of Court.

        (2)    By September 1, 2010, Defendants shall each file a consolidated memorandum of law constituting both a reply in support of their respective motions to dismiss and in opposition to Plaintiffs' summary judgment motion. Each Defendant's consolidated memorandum of law shall be no more than 25 pages in length without further leave of Court.

        (3)    By September 15, 2010, Plaintiffs shall file their reply memorandum of law in support of their summary judgment motion. Plaintiffs'

reply memorandum of law shall be no more than 15 pages in length without further leave of Court.

    d.    All memoranda of law and supporting materials shall be filed under seal with the Court and shall remain under seal, pending further Order of the Court.

    e.    All memoranda of law and supporting materials shall be served be under seal on opposing parties, who shall maintain the same under seal and disclose them only as necessary to support or respond to the motion, pending further Order of the Court.

WHEREFORE, Plaintiffs request that their motion for summary judgment pursuant to Fed. R. Civ. P. 56 be granted, and that this motion as well as Defendants' motions to dismiss be briefed and determined pursuant to the foregoing schedule and procedures.

Dated:    July 23, 2010    Respectfully submitted,

    RUBLOFF DEVELOPMENT GROUP, INC.,
    RUBLOFF MUNDELEIN LLC,
    MCVICKERS DEVELOPMENT LLC,
    MCVICKERS NEW LENOX LLC,
    MCVICKERS COOPER LLC,
    MCVICKERS HICKORY CREEK LLC,
    MCVICKERS TONNELL LLC,
    MCVICKERS WILLIAMS LLC

    By: /s/ Thomas J. Frederick
    One of Their Attorneys

Thomas J. Frederick
Neil M. Murphy
Renee Sotos
Joanna C. Wade
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
tfrederick@winston.com
(312) 558-5600

## **CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on July 23, 2010, I filed the above and foregoing with the Court's ECF system and caused a copy of the foregoing to be served on the following via U.S. and electronic mail:

Diane M. Saunders
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109
E-mail:  dsaunders@morganbrown.com
(Via U.S. and electronic mail)

Saint Consulting Group, Inc.
c/o Registered Agent Patrick F. Fox
99 Derby Street, Suite 100, Hingham, Massachusetts 02043
(Via U.S. mail)

        By:  /s/ Thomas J. Frederick
        ATTORNEY FOR RUBLOFF DEVELOPMENT GROUP, INC.,
        RUBLOFF MUNDELEIN LLC,
        MCVICKERS DEVELOPMENT LLC,
        MCVICKERS NEW LENOX LLC,
        MCVICKERS COOPER LLC,
        MCVICKERS HICKORY CREEK LLC,
        MCVICKERS TONNELL LLC,
        MCVICKERS WILLIAMS LLC