UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RUBLOFF DEVELOPMENT GROUP, | ) | |
| INC., RUBLOFF MUNDELEIN LLC, | ) | |
| MCVICKERS DEVELOPMENT LLC, | ) | |
| MCVICKERS NEW LENOX LLC, | ) | |
| MCVICKERS COOPER, LLC, | ) | |
| MCVICKERS HICKORY CREEK, LLC, | ) | Case No. 1:10-cv-03917 |
| MCVICKERS TONNELL LLC, | ) | |
| MCVICKERS WILLIAMS LLC, | ) | Hon. Harry D. Leinenweber |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERVALU, INC., d/b/a JEWEL-OSCO, | ) | |
| and THE SAINT CONSULTING GROUP, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THE SAINT CONSULTING GROUP, INC.'S MOTION TO DISMISS**

The Saint Consulting Group, Inc. ("Saint Consulting") respectfully moves to dismiss all

claims asserted in plaintiffs' Amended Complaint (the "Amended Complaint") pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In support of its motion, Saint

Consulting states as follows:

1.      Count I (Declaratory Relief) of plaintiffs' Amended Complaint should be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because it is predicated on a

hypothetical future action and is not ripe for decision.  Instead of an actual controversy, plaintiffs

present this Court with a disembodied legal question, unconnected to any ongoing litigation by

either party.

2.      Even if the Court were to assume the current existence of a live controversy,

Count I is barred by the Illinois Citizen Participation Act, 735 ILCS 110/1 *et seq.*, and should be

dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is based on alleged acts by

Saint Consulting in furtherance of its constitutional rights to petition, speech, association, and

participation in government.  Relatedly, Count I also is barred by the *Noerr-Pennington* doctrine

and should be dismissed under Rule 12(b)(6) because it arises out of alleged acts by Saint

Consulting that implicate its First Amendment rights to petition the government for a redress of

grievances.

3.      Count II (Negligent Spoliation of Evidence) should be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(6) because Illinois law does not recognize an independent

cause of action for negligent spoliation of evidence.  Even if plaintiffs had asserted viable claims

to which the cause of action could attach, plaintiffs fail to properly plead the elements of a

negligence claim.

4.      Finally, Count III (Injunctive Relief) should be dismissed pursuant to Federal

Rule of Civil Procedure 12(b)(6) because injunctive relief is a remedy and may not be pled as an

independent cause of action.  Alternatively, if the Court were to interpret the injunctive relief

sought by plaintiffs to be a remedy associated with plaintiffs' negligent spoliation of evidence

claim, then Count III should be dismissed along with Count II.

WHEREFORE Saint Consulting respectfully requests that the Court dismiss plaintiffs'

Amended Complaint in its entirety for the reasons set forth above and in the memorandum of law

accompanying this motion.

Date:  July 23, 2010                         Respectfully submitted,

                                             **The Saint Consulting Group, Inc**.

                                             By:  /s/ Craig A. Knot_____
                                                   Craig A. Knot

2

Gregory H. Furda
Craig A. Knot
Caroline L. Schiff
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Ph:  (312) 853-7000
Fax: (312) 853-7036

## CERTIFICATE OF SERVICE

       I, Craig A. Knot, one of the attorneys for Defendant Saint Consulting Group, Inc., certify that on July 23, 2010, I caused a copy of the foregoing **THE SAINT CONSULTING GROUP, INC.'S MOTION TO DISMISS** to be filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.


                            /s/ Craig A. Knot            
                            Craig A. Knot